[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STIPULATION CONCERNING CUSTODY AND VISITATION
The parties hereby stipulate and agree as follows:
1. The parties shall have joint legal custody of the minor child who shall reside primarily with the Wife.
2. The parties shall endeavor, whenever possible, to adopt a harmonious policy and to cooperate with each other with respect to the best interests of the minor child and to discuss all major issues affecting the minor child before decisions are made which have long term consequences and are difficult to reverse. Such decisions include, but are not limited to, placement of the child in a school other than the public school, elective medical CT Page 9657-D treatment such as cosmetic surgery, extended travel outside the United States.
3. The Husband represents that he wishes the child to have religious education and training in the Catholic Church, and the Wife shall not interfere with regard to the same. The parties further agree that they will endeavor to obtain the best educational institution for the child at any given time considering their relative financial circumstances and the cost of said education. It is understood that the Husband will arrange for religious education and training in the Catholic Church and if it is mandatory that the child has educational training during the Wife's weekends, she shall cooperate with regard to the same.
4. Neither party shall do anything which may estrange the minor child from the other party or their immediate families nor injure the opinion of the minor child as to his mother or father or act in such a way as to impair the free and natural development of the minor child's live and respect for the other party.
5. In the event of the illness or personal injury of the minor child, the first party to learn of such illness or injury shall notify the other immediately and each party shall keep the other reasonably informed of the whereabouts of such minor child. For the purposes of this subparagraph, the word "illness" shall mean any sickness or ailment which requires the services of a physician. The word "injury" shall mean any injury which requires the services of a physician.
6. Each party shall promptly inform the other of any significant information concerning the child, including but not limited to school activity schedules, sports schedules, teacher conferences and performances.
7. The Husband shall have liberal and flexible visitation with the child, including at least the following:
Alternate weekends from 6 p.m. on Friday evening until Sunday at 8 p.m. but if Monday is a school holiday, then the Husband shall retain the child through Monday evening at 8 p.m.
Two weekday evenings in each two week period, from 5 p.m. until 8 p.m.; the Husband shall notify the Wife at least one week in advance of the evenings he will be visiting with the child. CT Page 9657-E
School vacations and holidays shall be shared equally.
It is anticipated that the parties will be separated in the summer of 1996 and, for future summer visitations, the parties shall renegotiate the schedule. If they are unable to do so, the matter shall be referred to the Family Relations Office of the Court for mediation and/or investigation and recommendations concerning the same. It is specifically understood that neither party shall all be required to show a substantial change in circumstances for a de novo negotiation with regard to future summer visitation schedules.
Major holidays shall be alternated on an annual basis, as follows: Easter 1995 Husband; Memorial Day 1995 Wife; July Fourth 1995 Husband; Labor Day 1995 Wife; child's birthday November 19, 1995 Wife; November 20 Father; Thanksgiving Day and the Friday after Thanksgiving, 1995 with the Husband; December 24 with the Wife and December 25, 1995 with the Husband. Father's Day and Mother's Day with the appropriate parent with make-up day if either parent loses a regularly scheduled day with the child in order to recognize the holiday.
Every effort shall be made to allocate other school holidays equally.
8. It is the intention of both parties to reside within 25 miles of Danbury, Connecticut during the child's minority. In the event that either parent intends to reside at a greater distance, he or she shall give the other party written notice of such intent at least 90 days prior to the intended date of relocation.
Attorney for the Plaintiff
Dianne M. Andersen Teri Vyskocil-Stolz
Attorney for the Defendant
Ellen B. Wells William J. Stolz, III